## JOSIAH GROVER *vs.* GEORGE THATCHER.

A mortgage of real estate attached since the making of the mortgage does not, by being assigned to a purchaser of the equity of redemption, merge in the equity.

A conveyance, by a mortgagee to a third person, of a specific part of the land mortgaged, does not discharge that part from the mortgage, as against the mortgagor.

DEWEY, J. This is a writ of entry. The demandant claims title through John Putney, by a conveyance from him, executed on the 26th of May 1853. The title of Putney was acquired by an attachment made of the premises on the 23d of February 1849, as the property of Rufus Lapham, and a subsequent judgment in that action, and levy thereon by appraisement on the 1st of March 1853. It appears that at the date of the attachment Lapham was the owner of a right in equity to redeem a tract of land, of which the land in controversy is a part, and the whole of which was then held by Jonas Marshall, as mortgagee thereof. The tenant claims to hold the estate,

1st, by a deed from Lapham, executed on the 17th of May 1849; 2d, by a conveyance by deed of quitclaim from Marshall, dated May 10th 1849.

As to the conveyance from Putney, the demandant says he has an older title by his attachment in his suit against Lapham; and being prior in time, if no objection exist to it, it would be the older and better title. The tenant insists that this attachment was discharged by various amendments made to the plaintiff's writ, and the introduction of new and distinct causes of action. The effect of these amendments, it would be necessary more particularly to consider and determine, but for the other source of title relied upon by the tenant, which, if held available to him, equally defeats the present action.

Jonas Marshall, under whom also the tenant claims, had a title paramount and superior to that of Lapham, whose interest the plaintiff attached. The mortgage to Marshall was anterior to the attachment. The conveyance from Marshall to the tenant, although made since the attachment, yet is from a grantor having the right to convey, and whose estate is not affected by the attachment in the suit against Lapham; and by force of such conveyance, made upon a valuable consideration, the tenant may well maintain his present possession, unless the nature of the conveyance, and the fact that he also acquired the right of Putney, operate as a merger, and require him to rely solely upon the title through Putney.

Had there been no such attachment by Putney against Lapham, and no intervening title, such might have been the effect, the defendant having a conveyance of all the interest of both mortgagor and mortgagee. But if the attachment and levy under the same have intervened, the two estates do not coalesce, and the defendant may, if necessary to protect his interest, rely upon his title under the mortgagee, which title was not affected by the attachment. The precise case of these parties seems to have been in the mind of the court, and fully considered in the elaborate opinion given by the chief justice, in the case of *Hunt* v. *Hunt*, 14 Pick. 374. Under the sanction of that case and the cases there cited, the defendant may well set

up, in defence of the present action, his right to hold the premises under his conveyance from Marshall.

If any question arises as to the effect of a conveyance by the mortgagee of a part of the mortgaged premises only to the defendant, the answer will be found in the decision in the late case of *Wyman* v. *Hooper*, 2 Gray, 141, that this fact will not enure to the benefit of the other party.

*Judgment for the tenant.*

*A. R. Brown*, for the demandant.

*D. S. Richardson & W. A. Richardson*, for the tenant.